**IN THE UNITED STATES DISTRICT COURT<br>FOR THE WESTERN DISTRICT OF MISSOURI<br>WESTERN DIVISION**

| | | |
|---|---|---|
| PROFILE TECHNOLOGY, INC., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-00804-CV-W-LMC |
| | ) | |
| SECURA INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is Defendant's Motion to Transfer Venue and Defendant's Suggestions in Support of Its Motion to Transfer Venue (Doc. ## 15, 16). Defendant Secura Insurance Company (Secura) requests that this matter be transferred to the United States District Court for the Eastern District of Missouri. (Doc. ## 15, 16.) Plaintiffs Profile Technology, Inc. and Paramount Property, LLC have not filed a response to the motion and the time for doing so has now passed. For the reasons stated below, the Court grants Defendant Secura's motion.

I. BACKGROUND

Plaintiffs filed their Petition for Damages in the Circuit Court of Jackson County, Missouri on August 10, 2026. (Doc. #1-1.) Plaintiffs allege that on March 14, 2024, Plaintiffs' property located on Seebold Spur in Fenton, Missouri suffered damage from a severe weather event. (Doc.#1-1 at 3-4.) The property was covered under a homeowner's policy issued by Defendant Secura. (Doc. #1-1 at 3.) Plaintiff submitted a claim under the policy and after an investigation Defendant Secura determined that the property sustained damage due to windstorm and hail and issued an estimate of covered damages of $82,317.86. (Doc.#1-1 at 5.) Believing that Defendant

Secura "failed to properly identify all windstorm and hail damage, necessary repairs, or the proper repair costs[,]" and after consulting with two difference sources, one of which provided an estimated costs to restore the property to its pre-loss condition of $391,142.68, Plaintiff submitted a demand to Defendant Secura for payment. (Doc.#1-1 at 5.) Defendant Secura refused to pay the additional amount. (Doc.#1-1 at 6.) Plaintiff then filed this action alleging the following counts: (1) breach of contract (Count I); and (2) vexatious refusal to pay in violation of R.S.Mo §375.296 (Count II); and (3) vexatious refusal to pay in violation of R.S.Mo §375.420. Following the filing of a motion to dismiss Count II, Plaintiff was permitted to file an amended complaint which removed the vexatious refusal to pay in violation of R.S.Mo §375.296 (Count II).[1] (Doc. ## 13, 19, 20.) Plaintiff's Petition alleges that venue in the Circuit Court of Jackson County was proper under "R.S.Mo §508.010.2(4), as Defendant is a non-resident and Plaintiff's suit may be brought in any county in this State." (Doc. #20 at 2.)

## II. STANDARD

Defendant Secura seeks transfer pursuant to 28 U.S.C. §1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a). "Section 1404(a) applies only if the initial federal forum is a proper venue." 14D Fed. Prac. & Proc. Juris. (Wright & Miller) § 3829 (4th ed.). "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Ultimately, "district courts should weigh any

[1] The Court now deems moot Defendant's Motion to Dismiss or Alternative Motion to Strike Plaintiffs' Section 375.296 Vexatious Refusal Claim (Doc. #13) due to the filing of the Amended Complaint.

'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). "Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Federal courts generally defer to plaintiff's venue choice and therefore a party requesting transfer bears the burden of proving transfer is justified. *Terra Int'l, Inc.,* 119 F.3d at 695. Change of venue is left to the discretion of the district court. *Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985).

## III. ANALYSIS

Defendant Secura argues that the Eastern District of Missouri is a more convenient forum because the events occurred within the Eastern District of Missouri, no party is situated within this District, the Western District of Missouri, and the Eastern District of Missouri is a more convenient forum for all parties and witnesses. (Doc. #16 at 4.) Plaintiffs have failed to respond to the motion.

First, there is no question that this matter could have been brought in the Eastern District of Missouri as the underlying event occurred in Fenton, Missouri, which is located in the Eastern District of Missouri. Plaintiff, however, brought the matter in the Circuit Court of Jackson County, Missouri pursuant to Mo. Rev. Stat. §508.010.2(4), which states that "[w]hen all the defendants are nonresidents of the state, suit may be brought in any county in this state, provided there is personal jurisdiction over each defendant, independent of each other defendant." Defendant Secura has not argued that §508.010.2(4) does not apply in this matter. Because the matter was removed from the Circuit Court of Jackson County, Missouri, venue is proper in the Western District of Missouri. *See* 28 U.S.C. §1441(a) (stating that a case may be removed under that statute "to the district court of the United States for the district and division embracing the place where

such action is pending.") Therefore, the matter is proper in either federal district court: Eastern District of Missouri and Western District of Missouri.

*1. Convenience of the Parties*

Regarding the convenience of the parties, the Court finds that this factor is essentially neutral. Plaintiffs are located and operating in Fenton, Missouri, and the subject property is in Fenton, Missouri, located in the Eastern District of Missouri. (Doc. #20 at 1-2.) Defendant Secura is a citizen of Wisconsin. (Doc. #4.) Counsel for Plaintiff is located in the Western District of Missouri, but counsel for Defendant Secura is located in the Eastern District of Missouri. While location of counsel is relevant, "it is entitled to little weight." *Standard Off. Sys. of Fort Smith, Inc. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990). It should be noted that although Plaintiffs are located in the Eastern District of Missouri, they chose to file suit elsewhere. However, as discussed below, they have conceded the issue. Therefore, the Court will consider this factor as a neutral factor.

*2. Convenience of the Witnesses*

Defendant Secura argues that the Eastern District of Missouri is more convenient for the potential witnesses, which include "Plaintiffs, Plaintiffs' neighbors, Plaintiffs' employees, and the men Plaintiffs hired to inspect the Subject Property[.]" (Doc. #16 at 7.) The convenience of witnesses is the most important factor in determining whether a change of venue is appropriate. *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.*, 659 F. Supp. 526, 532 (W.D. Mo. 1987). Generally, in analyzing this factor "[t]he number of potential witnesses located in or near a suggested forum as well as 'the nature and quality of their testimony in relationship to the issues of the case' must be considered." *Id.* Defendant Secura's assertion that nonparty witnesses will be inconvenienced if this matter remains in the Western District of Missouri appears based upon

an assumption that nonparty witnesses reside in or close to St. Louis, which is in the Eastern District of Missouri. While the Court may assume that some nonparty witnesses are likely to be located where the incident occurred, it is unclear to this Court how many witnesses are impacted and the nature and quality of their testimony. *See Guiette v. U.S. Bank Nat'l Ass'n*, 2017 WL 6001738, at *4 (D. Minn. Dec. 4, 2017) (finding that "[b]ased on common-sense assumptions about the likely presence of material witnesses, a court may determine that witness convenience favors transfer even where such witnesses are not identified by name.") The Court notes that the event at issue in this matter took place nearly two years ago and witnesses may have moved away from the area. Furthermore, with regard to contractors who inspected the property, Defendant Secura merely indicates they are "located *nearer* to St. Louis than Kansas City[.]" (Doc. #16 at 7 (emphasis added).) Nevertheless, the Court, for purposes of this Order will assume that some witnesses reside in or around the Saint Louis area. That fact, however, does not mean that transfer is automatically warranted. Pursuant to Rule 45(c)(1)(A) & (2)(A), witnesses who are outside of this Court's subpoena power may still be compelled to give testimony via deposition and to provide evidence within 100 miles of where that person resides, is employed, or regularly transacts business. Furthermore, such deposition testimony may be used at trial. Fed. R. Civ. P. 32. Nevertheless, the Court finds that Defendant Secura's assertion of nonparty witness inconvenience supports a finding in favor of transfer.

*3. Interests of Justice*

Finally, the Court finds that the interests of justice support transfer in this matter. The interests of justice factors the court considers are: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages

of having a local court determine questions of local law." *Terra Int'l, Inc.*, 119 F.3d at 696. Generally, there is "a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 265-66 (1981). Defendant Secura points out that the Eighth Circuit has found that a Plaintiff's choice of forum is entitled to only minimal weight where there is minimal connection to the chosen forum and the property and "actions underlying the claims at issue occurred exclusively in St. Louis, Missouri." (Doc. #16 at 9.)

Earlier this year, this Court denied a motion to change venue in a similar matter where the only entity located in the Western District of Missouri, was counsel for the Plaintiff and where the Plaintiff and the property at issue were located in the Eastern District of Missouri. *Johnson v. State Farm Fire and Casualty Company*, 4:26-cv-00001-LMC (March 5, 2026.) In *Johnson*, the Plaintiff vigorously defended her choice of forum. *Id.* Plaintiffs in this matter have not filed a response to the motion to change venue. Therefore, this Court finds that they have conceded this issue. *McFarland v. USAA Fed. Sav. Bank*, No. 4:23-CV-00836-DGK, 2023 WL 8719560, at *1 (W.D. Mo. Dec. 18, 2023).

Therefore, the convenience of witnesses factor favors transfer and the other two factors are essentially neutral. Consequently, the balance of factors supports transfer of this matter. The Court will therefore transfer this matter to the Eastern District of Missouri.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss or Alternative Motion to Strike Plaintiffs' Section 375.296 Vexatious Refusal Claim (Doc. #13) is moot. It is further

ORDERED that Defendant's Motion to Transfer Venue (Doc. #15) is GRANTED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE